IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN JUAREZ-SANCHEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL<br><br><br><br>Case No. 2:12-CR-515 TS |

This matter is before the Court on Defendant's Motion for Judgment of Acquittal under Federal Rule of Criminal Procedure 29. Defendant made his motion orally, outside the presence of the jury, after the close of the government's case-in-chief. The Court orally denied Defendant's Motion for Judgment of Acquittal. This Order reflects the Court's reasoning in denying the Motion.

I. RULE 29 STANDARD

Federal Rule of Criminal Procedure 29(a) provides:

After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on

1

its own consider whether the evidence is insufficient to sustain a conviction. If
the court denies a motion for a judgment of acquittal at the close of the
government's evidence, the defendant may offer evidence without having reserved
the right to do so.

When presented with a motion under Rule 29, the Court must determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt.[1]

## II. DISCUSSION

In this case, Defendant is charged with cultivating marijuana in violation of 21 U.S.C. § 841(a). To prove a violation of § 841(a), the Government must show (1) Defendant knowingly or intentionally manufactured marijuana by cultivation; (2) Defendant knew he was manufacturing marijuana; (3) Defendant acted intentionally; and (4) Defendant manufactured 1,000 or more marijuana plants.[2] The term "manufacture" means the production, preparation, propagation, compounding or processing of marijuana and "production" includes the planting, cultivation, growing, or harvesting of marijuana.[3]

Defendant is also charged with aiding and abetting in violation of 18 U.S.C. § 2. To prove this violation, the Government must show that (1) someone else manufactured marijuana by cultivation; and (2) Defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about.[4]

---

[1] *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001).

[2] Stipulated Instruction No. 16; *see also* 21 U.S.C. § 841(a).

[3] Stipulated Instruction No. 16.

[4] Stipulated Instruction No. 17; *see also* 18 U.S.C. § 2.

The Court finds that the government's evidence as to the elements of both 21 U.S.C. § 841(a) and 18 U.S.C. § 2 is sufficient to survive a Motion for a Judgment of Acquittal. The government introduced the following physical evidence at trial: a July 28, 2012 receipt (the same day Defendant was arrested), found in Defendant's car, for a purchase of a large number of cooking bags that are commonly used to package raw marijuana; snapshots of surveillance video corresponding to the time and place of the cooking bags purchase showing a man that looked like Defendant, dressed in a shirt that was similar to the one Defendant was wearing when he was arrested later that same day; eighty-eight pounds of raw marijuana found in Defendant's car; marijuana seeds found in Defendant's car; a screenshot of Defendant's mobile phone showing that Defendant had dialed the same phone number that was later found written on a notebook recovered from the marijuana grow as well as telephone records showing that Defendant's phone had made numerous contacts with that same telephone number; and a July 28, 2012 receipt, found in Defendant's car, from a Las Vegas Jack in the Box showing a purchase of fast food costing more than forty dollars.

The government also elicited the following testimony at trial: DEA Special Agent Cliff Lark testified that Defendant's name was on a rental agreement for a car that was suspected to have left from the marijuana grow about one week prior to Defendant's arrest; Gabriela Lopez testified Defendant asked her to drive with him to Las Vegas to pick up some marijuana and to take supplies to the workers at the grow; Ms. Lopez testified that she and Defendant stopped at a Jack in the Box in Las Vegas and purchased food for themselves and for the workers at the marijuana grow; Ms. Lopez testified that Defendant used his mobile phone to ask someone at the

grow to place a tree branch in the road near the drop site to the marijuana grow so he would know where to drop off the supplies; and Ms. Lopez and Marcelo Balderas both testified that, while Defendant was at the drop site, he asked the grow workers how much marijuana remained to be harvested.

The combination of this evidence and testimony in conjunction with the parties' stipulation that the marijuana grow contained 4,211 plants is sufficient to support a finding by a rational finder of fact that Defendant knowingly manufactured marijuana in violation of 21 U.S.C. § 841(a) and aided and abetted the manufacture of marijuana in violation of 18 U.S.C. § 2. Defendant's Rule 29 Motion will, therefore, be denied.

### III. CONCLUSION

It is therefore ORDERED that Defendant's Motion for a Judgment of Acquittal is DENIED.

DATED   January 25, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge